UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAMEE D. WILSON,

                         Plaintiff,

          -against-

NEW YORK CORRECTIONS
DEPARTMENT, et al.,

                         Defendants.

22-CV-8863 (AS) (RWL)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

Plaintiff Ramee D. Wilson, proceeding *pro se*, brought this action against the City of New York alleging violations of his constitutional rights because he was required to take the COVID-19 vaccine while incarcerated. For the reasons set forth below, the Court dismisses this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

On October 14, 2022, Wilson filed his complaint. Dkt. 2. On March 3, 2023, the Court issued an order directing Wilson to notify the Court of any changes to his address. Dkt. 10. The Court warned that, "[y]our case could be dismissed if you do not notify the court of an address change." *Id.* at 2. The Court also referred this case to Magistrate Judge Lehrburger for general pretrial practice and a report and recommendation on any dispositive motions. Dkt. 8.

On June 26, 2023, after a mailing to Wilson was returned to sender, Magistrate Judge Lehrburger issued an order directing Defendant to file a letter reporting Wilson's current address. Dkt. 19. On July 10, 2023, Defendant provided Wilson's last known address. Dkt. 20. Defendant also filed a motion to dismiss. Dkt. 21.

Wilson did not respond to the motion to dismiss. In addition, on September 28, 2023, Magistrate Judge Lehrburger issued an order indicating that a mailing to Wilson had again been returned to sender. Dkt. 27. In response, Defendant indicated that it "does not have any further address information for Wilson other than the address previously provided." Dkt. 28. Magistrate Judge Lehrburger warned that the case would be "suitable for dismissal" if Wilson did not update his address by November 6, 2023. Dkt. 29.

After Wilson failed to comply with this deadline, Defendant moved to dismiss based on Wilson's failure to prosecute. Dkt. 31.

## LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) provides that a district court may dismiss an action if "the plaintiff fails to prosecute or to comply with the[] rules or a court order." Fed. R. Civ. P. 41(b). "A district court considering a Rule 41(b) dismissal must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (cleaned up). "No single factor is generally dispositive." *Id.*

Because a Rule 41(b) dismissal is "the harshest of sanctions," it must "'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" *Id.* at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)). Furthermore, "a pro se litigant's claim should

be dismissed for failure to prosecute 'only when the circumstances are sufficiently extreme.'" *Id.* (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)).

## DISCUSSION

Dismissal is appropriate here. Wilson has not communicated with the Court since this case was filed and has failed to provide an updated address for the past five months. Wilson has also failed to respond to Defendant's motion to dismiss over the past four months. In addition, the Court put Wilson on notice that his failure to update his address would result in dismissal. Dkt. 10 at 2. And Wilson was required only to provide the Court with his present address to avoid dismissal. Dkt. 29. Finally, this case has been pending for over a year, and the Court has an obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In light of these considerations, the Court finds that Plaintiff's non-compliance warrants dismissal. *See, e.g.*, *Virola v. Entire GRVC Dep't of Mental Health Hygiene Servs.*, 2014 WL 793082, at *2–3 (S.D.N.Y. Feb. 21, 2014) (dismissing *pro se* complaint for failure to prosecute when plaintiff "has failed to respond to Defendant's motion, failed to keep the Court apprised of his address, and failed to respond to the" Court's order); *Hibbert v. Apfel*, 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) (dismissing *pro se* complaint for failure to prosecute when plaintiff failed to respond to the defendant's proposal or update his mailing address for over six months).

The Court concludes that a "less drastic" sanction than dismissal with prejudice is appropriate in this case. *Baptiste*, 768 F.3d at 216. This case is at an early stage, Defendant does not appear to have had a significant level of substantive involvement in the case, and the case has not substantially burdened the Court's docket. *See LeSane*, 239 F.3d at 210 ("[T]here is no evidence in the record that plaintiff's delay . . . caused any particular, or [especially] burdensome, prejudice to defendants beyond the delay itself."); *Ortega v. Mutt*, 2017 WL 1133429, at *2 (S.D.N.Y. Mar. 24, 2017) (finding that, where any prejudice to the defendant was minor, "the lesser sanction of

dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity" (internal quotation marks omitted)).

## CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to terminate all pending motions and to close this case.

SO ORDERED.

Dated: November 20, 2023
       New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge